**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22207-BLOOM**

ARON EDUARDO MUNDO ALVAREZ,

      Petitioner,

v.

WARDEN, KROME NORTH SERVICE
PROCESSING CENTER,

      Respondent.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner Aron Eduardo Mundo Alvarez's

("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). ECF

No. [1]. Petitioner alleges that he has been unlawfully detained in Immigration and Customs

Enforcement ("ICE") custody and seeks immediate release or a bond hearing before an

Immigration Judge. *Id*. ¶¶ 13, 15. The Court ordered a response from Respondent. *See* ECF No.

[5]. Respondent timely filed a Response. ECF No. [6]. Petitioner did not file a Reply. The Court

has considered the Petition, the Response, the record in this case, the applicable law, and is

otherwise fully advised. For the reasons set forth below, the Petition is granted in part and denied

in part.

## I.    FACTUAL BACKGROUND

Petitioner is a native and citizen of Venezuela. ECF No. [6-1] at 2. On January 16, 2024,

Petitioner applied for admission into the United States at the San Ysidro Port of Entry. *Id*. On the

same day, U.S. Customs and Border Protection ("CBP") paroled Petitioner into the United States

and issued him a Notice to Appear ("NTA") pending removal proceedings. *Id*. On January 17,

2024, the NTA was filed with the Executive Office for Immigration Review, initiating removal proceedings. ECF No. [6-3] ¶ 7.

On January 23, 2026, immigration officials encountered Petitioner following his arrest by the Polk County Sheriff's Office during a traffic stop. ECF No. [6-1] at 2. The record does not indicate why the traffic stop was initiated or the legal basis for Petitioner's arrest, other than that a Polk County Sherrif's Office Deputy arrested Petitioner after checking his immigration status. *Id*. On January 25, 2026, Petitioner was taken into immigration custody. ECF No. [6-4]. To date, Petitioner remains detained at the Krome North Service Processing Center pending his removal proceedings. *Id*.

Petitioner filed the instant Petition on March 31, 2026, asserting his detention is unlawful. ECF No. [1]. Petitioner requests immediate release, or, alternatively, a bond hearing. *Id*. ¶ 15. Respondent argues Petitioner is properly subject to mandatory detention under § 1225(b)(2) as an "arriving alien" without being admitted or paroled.[1] ECF No. [6] at 7.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration

---

[1] Respondent also argues that the Petition should be dismissed because "it fails to adequately apprise Respondent of the facts and legal principals upon which it is based." ECF No. [6] at 4. Given the Eleventh Circuit's instruction to "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys," *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)), the Court finds that the Petition is sufficiently pled as a challenge to the statutory basis of Petitioner's detention and raises due process arguments. ECF No. [1] ¶¶ 13, 15.

detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

### A.   Exhaustion of Administrative Remedies

As a preliminary matter, Respondent argues that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies. ECF No. [6] at 9-10. Although Petitioner does not directly address administrative exhaustion, the Court concludes exhaustion would be futile.

The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but rather prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)). As a result, administrative "exhaustion is not required where no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). In *Yajure Hurtado*, the Board of Immigration Appeals ("BIA") concluded that "aliens who are present in the United States without admission are applicants for admission under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." 29 I&N Dec. 216, 220 (BIA 2025). Courts have concluded that because of *Yajure Hurtado*, any appeal to the BIA is essentially futile. *See, e.g.*, *Puga v. Assistant Field Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of Petitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility."). The Court therefore excuses exhaustion.

**B. Detention Pending Removal Proceedings**

Petitioner asserts that he is entitled to a bond hearing. ECF No. [1] ¶ 15. Respondent argues that Petitioner is ineligible for bond because he is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. [6] at 6-7.

The Eleventh Circuit recently issued a binding opinion regarding the interpretation of § 1225 and § 1226. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026). The Eleventh Circuit upheld the district court's ruling that the petitioners, who entered the United States without inspection, were apprehended in the interior of the country years later, and had either no or minimal, traffic-related criminal histories, were entitled to a bond hearing under § 1226(a), despite the Government's position that the petitioners were properly held without bond under § 1225(b)(2). *Id*. at *4, *8-9. Consistent with this Court's prior rulings and the rulings of numerous other courts, the Eleventh Circuit rejected Respondents' "re-interpretation" of the Immigration and Nationality Act ("INA") that foreign nationals already in the country are under the purview of § 1225(b)'s mandatory detention. *Id.* at *4. The Eleventh Circuit explained that an "applicant for admission" is a term of art that "'deems' an alien to be an applicant merely by arriving or being present in the United States without having been admitted." *Id*. at *6. Conversely, an applicant for admission who is "seeking admission" is someone in "pursuit of 'lawful entry . . . after inspection and authorization by an immigration officer[.]" *Id.* at *7. Thus, someone is properly detained pending removal proceedings under § 1225(b)(2)(A), "if he (1) is arriving in the United States or is present in the United States without having been granted lawful entry; (2) is seeking lawful entry after inspection and authorization by an immigration officer; and (3) is not clearly and beyond a doubt entitled to lawful entry, as determined by the examining immigration officer." *Id*. at *8 (citing § 1225(b)(2)(A)).

The Eleventh Circuit explained that petitioners satisfy the first condition because they were "discovered in the interior but were never granted lawful entry;" however, they do not meet the second requirement because they "were not applying for entry in any literal sense when they were detained following a traffic stop[.]" *Id*. at *8. Thus, § 1225(b)(2)(A) does not apply. *Id*. In upholding the district court's grant of a bond hearing pursuant to § 1226(a), the Eleventh Circuit concluded, "[s]imply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country . . . [I]t appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id*. at *21 (alterations added).

There exist no material distinctions between Petitioner here and the petitioners in *Hernandez Alvarez*. Petitioner entered the United States in January 2024. ECF No. [6-1] at 2. Petitioner was detained in the interior of the country by local police following a routine traffic stop. *Id*. By the Eleventh Circuit's binding reasoning, Petitioner was not seeking admission "in any literal sense when [he] was detained following a traffic stop[.]" *See Hernandez Alvarez,* 2026 WL 1243395, at *8. Therefore, this Court applies the Eleventh Circuit's holding in *Hernandez Alvarez* to conclude that Petitioner is, as a matter of statutory interpretation, not lawfully held under 8 U.S.C. § 1225(b)(2). Accordingly, the Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 8 U.S.C. § 2241. Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

Because the Court grants Petitioner's request for a bond hearing to determine whether there is evidence of dangerousness or risk of flight to justify his continued detention, the Court does not

separately address his due process arguments.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. [1], is **GRANTED in part** and **DENIED in part**.

2.  Within seven (7) days of the date of this Order, Respondent must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3.  Respondent is enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4.  Respondent must, within 24 hours of the bond hearing, file a status report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5.  The Clerk of Court shall **CLOSE** this case.

6.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 4, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

Aron Eduardo Mundo Alvarez, *Pro Se*
A# 244355420
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194